Dubeee, C. J.
 

 This is a case stated for the opinion of the court under Pub. Laws R. I. cap. 563, § 16, of April 20, 1876. The case shows that James Chase, deceased, left a will dated May 29, 1860, and a codicil thereto, dated November 5, 1864, which were admitted to probate. The will contained the following provision, to wit:
 

 
 *484
 
 “ I give, devise, and bequeath the use, improvement, and income of the farm in Middletown, containing about forty acres and a half, which farm I purchased of the late John Mitchell, to my four grandchildren, children of my daughter Hepsibah M. Heath, deceased, viz.: Francis M. Heath, James C. Heath, Sarah M. Heath, and Annie C. Heath during their natural lives. At their decease, I give, devise, and bequeath said farm to their children, if they, or either of them, should leave any, to them, their heirs, and assigns forever. If my said grandchildren, children of my said daughter Hepsibah, deceased, should leave no children or child, then, in that case, I give and devise said farm to all my grandchildren then living, in equal shares, to them, their heirs, and assigns forever.”
 

 The codicil contained the following provision, to wit:
 

 “ Now, whereas, my granddaughter, Sarah M. Heath, that was, has since died, and left one child. Now if that child shall die without lawful issue, then, in that case, I give, devise, and bequeath the share that that great-grandchild would have heired from his mother to the other three grandchildren, viz., Francis M., James C., and Annie C. Heath, their heirs and assigns forever.”
 

 The name of said great-grandchild is Ralph Gifford, who joins in the statement of his guardian. The said Francis M. Heath recently died, leaving a child, Norma F. Heath, who has been summoned in, as also have been the two children of James 0. Heath.
 

 Three questions are submitted to the court for decision, to wit:
 

 1. Do James G. Heath and Annie C. Laraway, formerly Annie 0. Heath, hold the farm mentioned as joint tenants for life, or did they take as tenants in common ?
 

 2. What interest and estate has Ralph Gifford in said farm ?
 

 3. What interest and estate has Norma F. Heath in said farm ?
 

 1. The rule of construction laid down in Gen. Stat. R. I. cap. 161, § l,for land conveyed or devised to two or more persons, is, that the grantees or devisees shall take as tenants in common, unless the land is expressly conveyed or devised in joint tenancy, or to them and the survivors or survivor of them, or unless other language is used, manifestly showing an intent to create a joint
 
 *485
 
 tenancy. Of course this rule must be observed in construing the will and codicil before us. If there were no codicil it might reasonably be argued that the farm was intended to go to the grandchildren, as joint tenants for life, and, after the death of the survivor of them, to their children, the great-grandchildren of the testator, equally in fee simple. It might be possible, however, even if there were no codicil, in view of the statutory rule, to construe the devise distributively, so that the grandchildren should take as tenants in common, each taking an undivided fourth of the farm for life, and so that the children of each, if any he or she left, should succeed to his or her part as devisees in fee under the will. The latter, however, is not the more obvious construction ; it requires a straining of the language ; and if there were no codicil it is questionable whether even the statutory rule would require it to be given. But, in our opinion, the codicil contains significant indications of the testator’s intent. It recites that since the making of the will one of the grandchildren has died, leaving a child, and provides that, if that child dies without lawful issue, then the share which he “ would have heired from his mother ” shall go to the other three grandchildren. Of course the language is inaccurate. The child would have heired nothing from the mother, for the mother was to have only an estate for life. But the meaning is evident. The word is used to denote, not inheritance, but succession under the will, and indicates that it was in the mind of the testator that, the mother being dead, the child, if he lived, would succeed to the share which had been devised to her for life, to wit, an undivided fourth part of the estate ; whereas if he had intended that his grandchildren should take as joint tenants for life, and that their children should take after the death of the last survivor of them
 
 per capita,
 
 then he would not have so supposed, for then the great-grandchild there mentioned, instead of succeeding to his mother’s share, would take equally with the other great-grandchildren, the probability being that he would have either more or less than the share of his mother. We are far from supposing that this exposition is entirely satisfactory ; for very likely the testator himself did not clearly comprehend the possible result of the complicated devise which he was making; but we must seek for the predominant purpose of the will, and endeavor to carry it out, and, therefore,
 
 *486
 
 especially in view of the statutory rule above stated, we decide that James C. Heath and Annie C. Laraway are each entitled for life to one undivided fourth part of the farm devised, as tenants in common, without any right of survivorship.
 

 2. If the first question is correctly answered, then it follows that Ralph Gifford, the great-grandchild of the codicil, is now entitled to one undivided fourth part of the farm in fee simple, unless his estate is cut down in the codicil. It is urged that it is cut down to an estate in fee tail. We do not think so. The codicil was not designed to take effect except upon a contingency ; and, therefore, unless the contingency indicated is still possible, it can never take effect. The language of the codicil is clearly elliptical. It provides that if Ralph Gifford, the great-grandchild, shall die without lawful issue, then the share which he “ would have heired from his mother ” shall go to the other three grandchildren. Now the testator, in giving over the share which the great-grandchild
 
 would have heired,
 
 plainly means the share which he would have heired if he had not died too soon to heir it. But under the will, as we construe it, the great-grandchild “ heired,” or rather succeeded to his mother’s share immediately on the death of the testator. The contingency, therefore, which the testator was contemplating, must have been the death of his great-grandchild during his own lifetime. The codicil fully written out would read thus: Whereas, Sarah M. Heath, that was, has died since the execution of my will, and left one child, now if that child shall, like his mother, die before me, and without lawful issue, then, in that case, I give, devise, and bequeath the share that he would have heired from his mother, if he had not so died, to the three other grandchildren. If the contingency be-not so limited, we have to suppose that the testator meant to discriminate between his great-grandchildren, and subject the estate of this particular great-grandchild to a peculiar limitation. It is more reasonable to suppose that he intended to have all his great-grandchildren receive their respective estates on the same terms, and that the devise over of the codicil was intended only for the contingency, of a lapse under the will by the death of the great-grandchild, without lawful issue, during the life of the testator. We, therefore, decide that the contingency on which the codicil was to take effect has failed, and that Ralph Gifford is entitled
 
 *487
 
 under the will, without regard to the codicil, to one undivided fourth part of the farm in fee simple.
 

 Darius Baker,
 
 for the petitioners.
 

 3. We decide that Norma F. Heath is also entitled to one undivided fourth part of the farm in fee simple.